**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-25021-ALTMAN**

**MIGUEL ANGEL GALVAN ARIAS**,

      *Plaintiff*,

*v.*

**WARNER BROS.**
**ENTERTAINMENT**, *et al.*,

      *Defendants.*

_____/

## <u>ORDER</u>

Our Plaintiff—proceeding *pro se*—moves for the "recusal of The Honorable Judge Roy K. Altman pursuant to 28 U.S.C. §§ 144 and 155[.]" Motion to Recuse (the "Motion") [ECF No. 111] at 1 (emphasis altered). The Plaintiff contends that "[t]he presiding judge has engaged in an unconscionable pattern of selective procedural manipulation and intentional administrative delay that directly favors the corporate interest of [the] Defendants. *Id.* at 2. In support, the Plaintiff notes that we denied his motion for summary judgment, granted the Defendants' Motion to Dismiss [ECF No. 31] (with leave to amend), and somehow "weaponize[ed] deadlines to benefit corporate mergers[.]" Mot. at 2; *see also id.* at 3 ("For a federal judge to arbitrarily manufacture a personal ruling characterizing [the] Plaintiff's protected screenplay structure as a mere 'cliché' (scènes à faire), while willfully suppressing [the] Plaintiff's timely expert report pursuant to the scheduling order, and consciously freezing the adjudication of Plaintiff's successful Motion for Summary Judgment, constitutes a manifest abuse of discretion, a denial of equal protection under the Law, and a weaponization of procedural timelines."); Order Staying Case [ECF No. 107] (denying as moot all motions "until we have adjudicated" the Motion to Dismiss); Order Dismissing Case [ECF NO. 109] (granting the

Motion to Dismiss and dismissing Count I with leave to amend). After careful review, we deny the Motion.

The Plaintiff moves for recusal under 28 U.S.C. §§ 144 and 455. Section 144 mandates that a district judge "shall proceed no further" when "a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice" for or against any party. *Ibid.* "To warrant recusal under § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Section 455, by contrast, requires recusal when a district judge's "impartiality might reasonably be questioned" or when the district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Padgett*, 223 F.3d at 1333.

The essence of the Plaintiff's objection is that our rulings show a "personal bias or prejudice" against the Plaintiff. §§ 144, 455. But the Plaintiff's argument fails because "bias sufficient to disqualify a judge must stem from an extrajudicial source," *Jones v. Luis*, 372 F. App'x 967, 968–69 (11th Cir. 2010), and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In other words, "[t]he bias must be personal, rather than judicial in nature." *Jones*, 372 F. App'x at 969.

Since we don't know the Plaintiff at all and frankly know absolutely nothing about him—other than what he has filed in this case—we **DENY** his Motion.

**DONE AND ORDERED** in the Southern District of Florida on June 3, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Miguel Angel Galvan Arias, *pro se*